Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
Luc Dahlin (SBN 305732)
ldahlin@goodwinlaw.com
Daniel Mello (SBN 325714)
dmello@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HUNGERSTATION LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FAST CHOICE LLC d/b/a PACE and INSPIRING TRADING APPS LLC d/b/a SWYFT,<br><br>    Defendants. | Case No.  4:19-CV-5861-HSG<br><br>**RESPONSE TO DEFENDANT PACE'S MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:   Dec. 11, 2019<br>Time:   2:00 p.m.<br>Floor:  4<br>Ctrm:   2<br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>        Oakland Courthouse<br>        1301 Clay Street<br>        Oakland, CA 94612 |

In view of Defendant Fast Choice LLC d/b/a Pace's ("Pace's") Motion to Extend Time (the "Motion") (Dkt. 31), and the fact that the Court has granted Defendant Inspiring Trading Apps, LLC d/b/a Swyft's ("Swyft's") Administrative Motion to Extend Time (Dkt. 27, 32), the Court should modify Pace's briefing schedule to match Swyft's briefing schedule.

This will have the benefit of: (1) preserving the hearing date for HungerStation LLC's ("HungerStation") Preliminary Injunction Motion ("PI Motion"); and (2) harmonizing the various briefing schedules so that Defendants' oppositions are due on the same day and HungerStation's replies are due on the same day (and can potentially be combined into a single brief). To the extent Pace is seeking to delay the Preliminary Injunction briefing and hearing indefinitely, the Court should reject such a request as it would prejudice HungerStation in the form of ongoing irreparable harm that is the subject of the PI Motion.

## I.     BACKGROUND FACTS

On September 19, 2019, HungerStation filed a Complaint in this matter against both Swyft and Defendant Fast Choice LLC d/b/a Pace ("Pace"). Dkt. No. 1. When HungerStation served the Court-issued Summons and other materials upon Defendant, HungerStation specifically informed Defendants that HungerStation intended to file a preliminary injunction motion. *See* Dkt. Nos. 10, 11. The deadline for Defendants to respond to the Complaint was October 21, 2019.

On October 15, 2019, six days before the responsive pleadings deadline, Swyft's counsel requested a 30 day extension to respond to the Complaint. Dkt. Nos. 14, 16. As a professional courtesy, in view of the fact that Swyft's counsel had just been retained, HungerStation agreed to the extension. On October 17, 2019, the parties filed a stipulated extension setting Swyft's response to the Complaint on November 20, 2019. Dkt Nos. 14, 16.

On November 1, 2019, HungerStation filed its PI Motion. Dkt. No. 23. Following the filing, the Court agreed to set a hearing date for the PI Motion on December 11, 2019. Dkt. No. 25. On November 12, 2019, Swyft brought a motion to extend time and on November 14, 2019, the Court granted the Motion and modified the briefing schedule so that Swyft's Opposition is due on November 20, 2019 and HungerStation's reply is due November 27, 2019. Dkt. 27, 32. The hearing date for HungerStation's PI Motion was unaffected.

On November 14, 2019, Pace filed a motion to extend time, apparently seeking to delay its opposition to the PI Motion indefinitely, until the Court can rule on its pending Motion to Dismiss. Dkt. Nos. 31.

**II.     ARGUMENT**

Pace's Motion to indefinitely extend its deadline to oppose HungerStation's PI Motion should be denied because Pace has failed to identify the "substantial harm or prejudice that would occur if the Court did not change the time" as required by L.R. 6-3(a)(3) and because HungerStation would be prejudiced by indefinitely delaying resolution of its PI Motion.

Pace's entire argument appears to be that it should not have to respond to HungerStation's PI Motion while its Motion to Dismiss remains pending. There is no support for this position. Contrary to Swyft's position, plaintiffs routinely file motions for preliminary injunction early in a case and such motions are routinely heard before or together with motions to dismiss. *See, e.g., Engelbrecht v. Fox*, No. EDCV121150VAPDTBX, 2012 WL 13015022, at *1-2 (C.D. Cal. Aug. 8, 2012) (noting that defendant indicated his intent to file a motion to dismiss in his opposition to plaintiff's motion for preliminary injunction).

Pace cannot claim any prejudice here. Pace received notice that a preliminary injunction motion was forthcoming at the moment it was served. *See* Dkt. No. 11 (declaring that HungerStation delivered a letter to Swyft on September 30, 2019, informing Swyft of the forthcoming PI Motion). To the extent that Pace believes there are preliminary jurisdictional questions to address, it may argue so in its opposition to the PI Motion. Further, because the December 11, 2019 hearing date is for both HungerStation's PI Motion and Pace's Motion to Dismiss, Pace cannot argue it would be prejudiced where the Court is set to consider both motions simultaneously.

In an effort to resolve this scheduling dispute, HungerStation proposes that the Court modify Pace's briefing schedule on the PI Motion to match the schedule given to Swyft. Pace's opposition would be due on November 20, 2019, HungerStation's reply (to both Defendants' oppositions) would be due on November 27, 2019, and the hearing date of December 11, 2019 can be maintained as to both HungerStation's PI Motion and Pace's Motion to Dismiss.

1
2   Dated:  November 14, 2019.
3                                                                        GOODWIN PROCTER LLP
4                                                                        */s/ Neel Chatterjee*
                                                          Neel Chatterjee (SBN 173985)
5                                                                        *nchatterjee@goodwinlaw.com*
             Luc Dahlin (SBN 305732)
6                                                                        *ldahlin@goodwinlaw.com*
             Daniel Mello (SBN 325714)
7                                                                        *dmello@goodwinlaw.com*
             **GOODWIN PROCTER LLP**
8                                                                        601 Marshall Street
9                                                                        Redwood City, CA 94063
             Tel.: +1 650 752 3100
10                                                                      Fax.: +1 650 853 1038
11                                                                      *Counsel for Plaintiff*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPP'N TO DEF.'S MOT. TO EXTEND TIME                                                     CASE NO.  4:19-CV-5861-HSG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on November 14, 2019.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.  Executed this 14th day of November 2019.

*/s/ Neel Chatterjee*
Neel Chatterjee